IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,                        No. CR S-05-0554 LKK EFB P

    vs.

HARVEY L. SEWELL,

    Movant.                           ORDER

_____/

Movant, a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his motion, movant asserts several claims of ineffective assistance of trial and appellate counsel. Dckt. No. 225. Presently before the court is respondent's motion for an order finding that movant has waived the attorney-client privilege for communications between movant and his former attorneys. Dckt. No. 239.

On September 20, 2011, respondent was ordered to file a response to movant's motion to vacate, set aside, or correct his sentence. Dckt. No. 232. Respondent was subsequently granted three extensions of time to file a response, with the response currently due July 22, 2012. Respondent now contends that it cannot properly respond to movant's motion without knowledge of the communications between movant and his former attorneys. Since three of the four attorneys that previously represented movant have advised respondent that they cannot discuss any attorney-client privilege matter without a waiver, respondent seeks an order stating

1

that movant has waived the attorney-client privilege.

In support of its motion, respondent cites *Bittaker v. Woodford*, 331 F. 3d 715 (9th Cir. 2003), arguing that *Bittaker* stands for the proposition that a section 2255 motion based on ineffective assistance of counsel constitutes a waiver of the attorney-client privilege. Though the court in *Bittaker* held that a claim based upon ineffective assistance of counsel impliedly waives the attorney-client privilege, it does not follow that discovery of all communications between movant and his former attorneys is automatic. In section 2255 proceedings, a party is not automatically entitled to discovery; rather, a party requesting discovery must show good cause. Rule 6(a), Fed. R. Governing Section 2255 Proceedings. Furthermore, "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents." Rule 6(b), Rules Governing Section 2255 Proceedings. Moreover, the filing of a section 2255 motion alleging ineffective assistance of counsel does not result in a complete waiver of the attorney-client privilege. Rather, the holder of the privilege only waives the privilege "to the extent necessary to give [respondent] a fair opportunity to defend against [the claim]." *Bittaker*, 331 F.3d at 720. Consequently, discovery of attorney-client communications requires a narrowly drawn protective order. *Id*. at 720-25.

Although respondent has not formally requested discovery, it requests this court issue an order declaring that movant has waived the attorney-client privilege. While it is clear that the privilege has been waived as to the topics the movant has placed in issue by his claims of ineffective assistance of counsel, the scope of the waiver is not as broad as respondent's request implies. In light of *Bittaker*, the undersigned declines to grant such a broad request. If respondent wishes to depose movant's former attorneys, it must submit a request for discovery complying with Rule 6 of the Rules Governing Section 2255 Proceedings. Upon a showing of good cause and the issuance of a protective order, the court will permit discovery of communications between movant and his former attorneys.

Accordingly, it is hereby ORDERED that respondent's April 9, 2012 motion is denied without prejudice.

Dated: May 24, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE