IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

HARVEY SEWELL,

    Movant.

No. 2:05-cr-0554 LKK EFB P

ORDER

_____/

Sewell, a federal prisoner proceeding without counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He asserts in his motion several claims of ineffective assistance of counsel. Included with his motion is a request that the court appoint him counsel.

On August 13, 2012, the undersigned granted respondent's request to depose four of Sewell's former attorneys. On September 11, 2012, Lexi Negin, one of Sewell's former attorneys, who is scheduled to be deposed by respondent, filed a "Request for Ruling on Movant Harvey Sewell's Request for Appointment of Counsel." Dckt. No. 258. In her request, Ms. Negin explains that the court should appoint Sewell counsel because it is unlikely that he will be able to engage in effective discovery. *Id*. at 2. Ms. Negin explains that preserving valid objections and conducting cross-examinations require legal skills that cannot be performed

1

effectively by a *pro se* prisoner. *Id.* at 3. Although Ms. Negin no longer represents Sewell and cannot file motions on his behalf, his section 2255 motion does include a request for appointment of counsel which the court now addresses.

There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing § 2255 Proceedings. However, when a court authorizes a party to conduct discovery, "[i]f necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A." Rule 6(a), Rules Governing § 2255 Proceedings.

Here, Sewell has not shown that appointment of counsel is warranted under 18 U.S.C. § 3006A. Although he necessarily has waived the attorney-client privilege as to communications that bear upon his claims of ineffective assistance of counsel by his four former attorneys, there does not appear to be anything about this case or its complexity, or the discovery being sought by the respondent, that warrants appointment of counsel at this time. Although Rule 6(a) permits appointment of counsel for the limited purpose of conducting discovery, appointment of counsel is not necessary for the parties to conduct effective discovery. Sewell has been informed that by asserting his claims of ineffective assistance of counsel he has impliedly waived the attorney-client privilege to the extent necessary to allow the opposing party to rebut his claims. *See* Dckt. No. 253. The court's order informed him of the scope of the waiver. He is also informed that he may, if he wishes, preserve the privilege as to one or more claims by withdrawal of the claim(s). Further, the court confirmed at the September 7, 2012 conference convened in response to Ms. Negin's filing (Dckt No. 254) that Sewell has the right to be present, either physically or electronically, at the depositions and respondent informed the court that arrangements will be made to ensure movant's ability to participate. Thus, Sewell, who is the holder of the attorney-client privilege, will be present at the depositions and will have the opportunity to make any

appropriate objections. If Sewell contends that specific testimony or documents fall outside the scope of the implied waiver, he shall file an appropriate motion.

While an experienced attorney may be more skilled at conducting discovery than movant, the court finds that the parties will be able to conduct effective discovery without the court appointing movant counsel. Accordingly, it hereby is ORDERED that movant's request for appointment of counsel is denied without prejudice.

Dated: September 13, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE